UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| PATHMANN STEVEN M. and LYNN E., | ) CASE NO.: 08-B-14500 |
| | ) |
| | ) HEARING DATE: Tuesday, April 5, 2011 |
| DEBTORS. | ) HEARING TIME: 9:30 A.M. |
| | ) |
| | ) HONORABLE JACQUELINE P. COX |
| | ) U.S. BANKRUPTCY JUDGE |

## NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **April 5, 2011**, at the hour of **9:30 a.m.**, I shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, or any Judge sitting in her stead, in Courtroom 619, 219 South Dearborn Street, Chicago, Illinois, and then and there present **TRUSTEE'S MOTION FOR AUTHORITY TO WAIVE FILING OF TRUSTEE'S FINAL REPORT, DISTRIBUTE FUNDS TO PRIORITY CREDITORS AND TO CLOSE CASE,** a copy of which is attached hereto, made a part hereof, and herewith served upon you.

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

Karen R. Goodman, Esq.
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713
Phone: (312) 527-4000
Fax: (312)275-7570

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that copies of this **Notice and Trustee's Motion for Authority to Waive Filing of Trustee's Final Report, Distribute Funds to Priority Creditors and to Close Case** were served upon the above persons by placing copies of same in the U.S. Mail at 111 East Wacker Drive, Chicago, Illinois, with proper postage prepaid on **March 25, 2011**

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

1177530_1

## SERVICE LIST

Denise A. DeLaurent
United States Trustee
219 South Dearborn, Suite 873
Chicago, Illinois 60604

Joel A. Schechter
53 W Jackson Boulevard,
Suite 1522
Chicago, IL 60604

Chase Home Finance, LL
c/o Pierce & Associates, P.C.
1 North Dearborn Street, Suite 1300
Chicago, Illinois 60602

America's Servicing Company
Bankruptcy Department
7495 New Horizon Way, Building 4
Frederick, MD 21703

August A. Pilati
August A. Pilati & Associates Ltd.
53 West Jackson Boulevard, Suite 528
Chicago, Illinois 60604

HSBC Bank USA, N.A.
c/o Pierce & Associates, P.C.
1 North Dearborn Street, Suite 1300
Chicago, Illinois 60602

Midwest Bank and Trust Company
501 West North Avenue
Melrose Park, IL 60160

Indy Mac Bank
c/o Codilis & Associates PC
15W030 North Frontage Road
Suite 100
Burr Ridge, IL 60527

Cook County Treasurer's Office
Legal Departmetn
118 North Clark Street – Room 112
Chicago, IL 60602

Fifth Third Bank
c/o David L. Hazan, Diver Grach
Quade & Masini, LLP
111 N. County Street
Waukegan, IL 60085

1177530_1

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| PATHMANN, STEVEN M. and ) | CASE NO.: 08-B-14500 |
| LYNN E., ) | |
| ) | HEARING DATE: Tuesday, April 5, 2011 |
| DEBTORS. ) | HEARING TIME: 9:30 A.M. |
| ) | |
| ) | HONORABLE JACQUELINE P. COX |
| ) | U.S. BANKRUPTCY JUDGE |

## TRUSTEE'S MOTION FOR AUTHORITY TO WAIVE FILING OF TRUSTEE'S FINAL REPORT, DISTRIBUTE FUNDS TO PRIORITY CREDITORS AND TO CLOSE CASE

NOW COMES Karen R. Goodman, Trustee of the Estate of Steven M. and Lynn E. Pathmann ("Trustee") and moves for the entry of an order waiving the filing of the Trustee's Final Report, authorizing distribution to priority creditors and directing the Clerk of the Bankruptcy Court to close the case. In support of this Motion, the Trustee states as follows:

1.　On June 5, 2008, Steven M. and Lynn E. Pathmann ("Debtors") filed a Petition for Voluntary Relief pursuant to Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). On November 20, 2008, this Court entered an Order converting this case from Chapter 11 to Chapter 7 of the Bankruptcy Code. Karen R. Goodman was appointed interim Trustee by the United States Trustee, and since the first meeting of creditors has been duly appointed and acting Trustee in this case.

2.　At the time of conversion of the case, the Trustee determined that the Debtors, who were the principals of Pathmann Paint Corporation, also a Chapter 11 Debtor which was converted from a Chapter 11 to a Chapter 7, were the owners of five (5) pieces of property, including their residence, all of which were encumbered, but potentially had some equity for the Estate. Additionally, the Debtors' Schedule B listed numerous items of personal property which

appeared to have value for the Estate. From the time of the conversion of the case, the Trustee worked with Midwest Bank and Trust Company ("Midwest Bank"), the primary secured creditor in the case, regarding the sale of the two pieces of commercial property owned by the Debtors and the one non-homestead residential property in an effort to sell all three properties. With respect to the commercial properties, Trustee retained a broker and property manager in an effort to maintain and market the properties as well as collect rent from the tenant occupying a small portion of the commercial property located in Lake Zurich, Illinois. Despite the efforts of the Trustee, Midwest Bank and the broker, no viable offers were received regarding the commercial properties and, because of the substantial cost of maintaining the properties, which was being paid by Midwest Bank pursuant to Court Order, Midwest Bank eventually decided to lift the automatic stay with respect to the commercial properties and proceed with its foreclosure actions. The Trustee's efforts to sell the non-homestead residential property were thwarted subsequent to a flood at the property due to broken pipes. The Trustee oversaw recovery of insurance proceeds and remediation of the property, hoping to be able to sell it after the completion of the remediation and repair. However, with the passage of time, intensified by the economic downturn which had begun at about the time of the conversion, by the time remediation and repair was concluded, the Trustee and Midwest Bank ascertained, based upon the advice of a real estate auction company, that it was unlikely that an auction sale of the real estate would result in any funds available for Midwest as the second secured creditor on the property, let alone any equity for the estate. The remaining two pieces of real estate in the case, consisting of the Debtors' homestead property and a condominium owned by Mrs. Pathmann and her son were clearly over-secured and the Trustee made no effort to market or sell either.

3. Pursuant to an agreement with Midwest Bank and pursuant to an Order entered by the Court, the Trustee did receive $14,040.00 as compensation for services rendered by the Trustee solely relating to the remediation, repair and marketing of the non-homestead residential property pursuant to 11 U.S.C. § 506(c). Midwest Bank paid that amount directly and it was not paid from any Estate assets.

4. The Trustee investigated the personal property assets scheduled by the Debtors and determined, after consultation with various parties, that the property either had insignificant or no value and would have been costly to liquidate, with the exception of a 2002 Lincoln Aviator owned by Lynn Pathmann. Pursuant to Court Order, the unencumbered 2002 Lincoln Aviator was sold to Lynn Pathmann for the sum of $2,200. In addition, the Trustee was able to recover the cash surrender value of a small life insurance policy on the life Steven M. Pathmann, which was otherwise unencumbered. The Estate received $2,222.82 as a result of the cash surrender value of said life insurance policy.

5. There are no remaining assets in the Estate to be liquidated. At the present time, the Trustee is holding only $4,916.17 which is unencumbered by any liens. The automatic stay has been lifted with respect to the two commercial properties, the non-homestead residential property, and the homestead residential property. The Trustee has abandoned the Estate's interest in the condominium pursuant to Court Order dated October 8, 2009.

6. The Trustee has reviewed the claims in this case and aside from the secured claims relating to the real estate, there are no secured claims that have been filed. The only priority claim is that of the U.S. Trustee in the amount of $1,300 (Claim No. 29). Attached hereto as Exhibit A is a chronology of the time expended by the Trustee in this matter, excluding the time relating to the non-homestead residential property for which the Trustee has been paid by

Midwest Bank pursuant to 11 U.S.C. § 506(c) as described above. In total, the Trustee spent in excess of 125 hours in the administration of this case. Based upon collections of $48,516.24, the Trustee would be entitled to $5,601.62 pursuant to 11 U.S.C. § 326(a). All the remaining claims filed in this case are unsecured claims which will not receive any distribution.

7.    The Trustee requests that the remaining funds in the Debtors' Estate in the total amount of $4,916.17 be distributed on a *pro rata* basis to the U.S. Trustee and the Trustee, resulting in a distribution to the U.S. Trustee in the amount of $926.14 and to the Trustee in the amount of $3,990.03, based upon a claim of $5,601.62. The Trustee further requests that this distribution be made without the need for the Trustee to incur the cost and time involved in the filing of the Trustee's Final Report, since no creditors other than the U.S. Trustee and the Trustee will be paid.

8.    Attached hereto as Exhibit B are copies of the Forms 1 and 2 prepared by the Trustee in this case.

9.    The Trustee requests that this Court limit notice of this Motion to the Debtor, the U.S. Trustee and all secured creditors in this case.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests the entry of an Order as follows:

A.    Authorizing the Trustee to disburse all proceeds of the Estate on a pro rata basis to the U.S. Trustee for Claim No. 29 filed in the amount of $1,300 and to the Trustee for her claim in the amount of $5,601.62 pursuant to 11 U.S.C. § 326(a);

B.    Waiving the filing of Trustee's Final Report in this case;

C.    Directing the Trustee to file a Final Account in this case after receipt of a zero balance bank statement; and

4

D.   Directing the Clerk of the Bankruptcy Court to close this case after the Trustee's Final Account is filed.

Respectfully submitted,

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

Karen R. Goodman (#1008242)
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713
(312) 527-4000
(312) 275-7570

1177530_1

5